UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-95-132 |
| | § | |
| PATRICK LYNN HAWKINS, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION
DENYING DEFENDANT'S  LETTER MOTION**

Before the Magistrate Judge upon referral is Movant Patrick Lynn Hawkins' Letter Motion

to Clarify Sentence (Document No. 56), in which Movant suggests that it was his understanding

based on conversation(s) with trial counsel that his federal sentence was to run concurrent to his state

sentence, and he therefore, requests that the Court clarify this matter as the Bureau of Prisons records

show otherwise.   Having reviewed the Letter Motion, the record of the proceedings before the

District Court in the underlying criminal case, and the applicable law, the Magistrate Judge

RECOMMENDS, for the reasons set forth below, that Movant Patrick Lynn Hawkins' Letter Motion

to Clarify Sentence (Document No.  56) be DENIED.

**I.       Procedural History**

Movant Patrick Lynn Hawkins ("Hawkins"), who is currently in the custody of the Bureau

of Prisons, is seeking clarification concerning his sentence, namely, whether his federal sentence was

ordered by Judge Harmon to run concurrent to his state sentence that he was already serving at the

time of his federal conviction, or whether it was to run consecutive to his state sentence.

On June 12, 1995, Hawkins was charged in a one count Indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(c). (Document No. 1).  Following a two day trial, Hawkins was found guilty on August 28, 1995.  (Document No. 35). A PSR was prepared. (Document No. 43)  Hawkins, on November 17, 1995, was sentenced to 293 months incarceration, to be followed by a five year term of supervised release, a fine of $5,000.00, and special assessment of $50.00.  (Document No. 46).  Judgment was entered on December 13, 1995.  (Document No. 50). With respect to Hawkins' sentence, Judge Harmon stated:

> I'm talking now, okay.  You've had your chance, and I don't want you to argue with me.  I am trying to explain to you and to posterity why it is I'm giving you the sentence I am giving you.  I want you to understand why I am giving you this sentence and why I am not going to accept a downward departure situation, because I don't think you deserve one.  I am trying to give you an idea of my reasoning in this, all right?

> I understand you don't agree with any of this.  You didn't commit any of these former crimes.  You just stood there and told me you didn't have a gun; you didn't have any marijuana in the apartment.  And the facts are that you did.  So it's hard for me to believe what you're telling me, because you have been proved by a jury beyond a reasonable doubt that you did these things; that those are the facts; that's what the jury saw.  So that's what I have to go on.

> I understand you deny this, but I don't believe your denials, and that's why I am giving you this sentence I am giving you.

> You have been convicted of two convictions for drug offenses, two convictions for robbery offenses and theft offenses.  You have been in and out of the Department of Corrections four times on repeated violations.

> I think you lack self-control.  I think you are a definite threat to the community, and I believe that the sentence I am going to give you is justified in light of the circumstances.

> I am denying a downward departure.  I will recommend to the Bureau of Prisons that you receive credit for the nine months that you were in jail on these criminal charges, but that's the only thing that I will do.

*                                              *

> I will recommend to the Bureau of Prisons that the nine months you spent, or
> whatever term you spent, which is approximately nine months, that you spent in
> custody in the jail under state charges that would not be reflected as being in federal
> detention, be credited to your sentence.  (Transcript of Sentencing Hearing, pp. 14-
> 16, 18).

The Judgment makes no reference to any state sentence.  The court file indicates that Hawkins, in a letter to Judge Harmon dated  April 11, 1999, inquired about his sentence.  Judge Harmon responded to Hawkins' inquiry:

> I am receipt of your letter of April 11, 1999.  I am sorry, but I have no authority to
> determine into what prison facility you will be placed or whether you first serve your
> federal sentence or your state sentence.

Hawkins now, over 8 years later, has filed a letter Motion to Clarify whether his federal sentence was to run consecutive to or concurrent with his state sentence.  Hawkins' letter Motion suggests that he understood, based on conversations with his counsel, that his federal sentence was to run concurrent to his previously imposed state sentence.  This matter is now ripe for ruling.

## II. Discussion

Here, Hawkins was convicted of felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(e).  Hawkins' PSR reveals that under the United States Sentencing Guidelines ("U.S.S.G.") this conviction resulted in a base offense level of 12, which was increased by 33 levels pursuant to U.S.S.G. § 4B1.4(a) because Hawkins was an armed career criminal offender and the Government had filed a Notice to Enhance the sentence under 18 U.S.C. § 924(e).  With a criminal history category of VI, Hawkins faced a sentencing guideline range of 235 to  293 months, and was sentenced by the District Court to 293 months imprisonment.  Hawkins appealed his sentence to the

3

Fifth Circuit Count of Appeals.  (Document No. 47).  The Fifth Circuit affirmed his conviction on

September 18, 1996.  (Document Nos. 53, 54).  Hawkins did not file a petition for writ of certiorari

with the United States Supreme Court.  The 90 day period for filing a petition for writ of certiorari

with the Supreme Court expired on or about December 17, 1996.  SUP.CT.R.13 ("The time to file

a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be

reviewed.")  As such, Hawkins' judgment and conviction became final on  or about December 17,

1996, the ninetieth day on which Hawkins could have timely filed for review by the Supreme Court.

     To the extent that Hawkins' letter motion could be construed as a § 2255 Motion to Vacate,

Set Aside or Correct Sentence, it is untimely.   On April 24, 1996, the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA") was enacted.  With the enactment of AEDPA, 28 U.S.C.  §

2255 now specifically provides for a one-year statute of limitations:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation
> period shall run from the latest of–
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the
> United States is removed, if the movant was prevented from filing by
> such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the
> Supreme court and made retroactively applicable to cases on collateral
> review; or
>
> (4)    the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Because Hawkins filed the instant letter motion after the effective date of

AEDPA, the provisions of the statute apply.  The one-year limitation period under § 2255 began to

run on or about December 17, 1996, the day his conviction became final, and expired on or about December 17, 1997.  A § 2255 motion is deemed filed at the time it is delivered to prison officials for mailing.  *United States v. Patterson,* 211 F.3d 927, 930 (5ᵗʰ Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5ᵗʰ Cir. 1998)).  Hawkins dated his letter Motion on November 11, 2007, and it was received and filed on November 16, 2007, nearly ten years after the expiration of the one-year limitations period.  Under these circumstances, Hawkins' letter motion is untimely, and would be subject to dismissal absent a showing by Hawkins that equitable tolling should apply or that any of the § 2255(2)-(4) statutory exceptions prevented the timely filing of his § 2255 motion.  Here, no such showing has been made and thus, to the extent Hawkins' letter motion can be construed as a motion under 28 U.S.C. § 2255, the motion is untimely and subject to dismissal.

Construing Hawkins' letter motion under 28 U.S.C. § 2241, Hawkins must "first exhaust administrative remedies through the Bureau of Prisons."  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted); *Lundy v. Osborn*, 555 F.2d 534, 534-35 (5th Cir. 1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau through the available administrative channels. Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted).  However, there are exceptions to the exhaustion requirement, such as "where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.*  Hawkins does not allege that he has exhausted the administrative remedies available to him or that attempts to exhaust available administrative remedies would be futile.  Regardless of Hawkins' failure to exhaust administrative remedies, no relief is available on his claim.

Hawkins' criminal judgment is silent as whether his 293 month federal sentence was to run concurrently with, or consecutive to, any state sentence.  18 U.S.C. § 3584(a) provides:

> (a) Imposition of concurrent or consecutive terms.  If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

"[W]ell-established federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders they run concurrently."  *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).  Therefore, a district court must specify in its sentencing that sentences run concurrently; otherwise, they run consecutively.  *See* 18 U.S.C. § 3584(a); *United States v. Hernandez*, 234 F.3d 252, 256-257 (5th Cir. 2000). Moreover, the Constitution affords no right to have state and federal sentences run concurrently.  *See United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983).  Likewise, there is no federal statute that provides a prisoner the right to concurrent sentences.  Given the absence of a  designation in Hawkins' Judgment that his federal sentence was to run concurrent to any state sentence, the presumption is that the sentences were to run consecutive and therefore, Hawkins' claim fails and he is not entitled to relief under § 2241.

## III. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Hawkins is not entitled to any relief based upon the allegations set forth in his letter Motion to Clarify, the Magistrate Judge

RECOMMENDS that Movant Patrick Lynn Hawkins' Letter Motion to Clarify (Document No. 56) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this  17th  day of April, 2008

.

Frances H. Stacy
United States Magistrate Judge

7